IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HUGH GERALD DELAUGHDER, JR. and PATSY ANN WHATLEY, Individually and as Administratrix of the Estate of BILL MONROE WHATLEY, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> COLONIAL PIPELINE COMPANY and SUPERIOR LAND DESIGNS, LLC, <br><br> Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Colonial Pipeline Company ("Colonial"), by and through its undersigned counsel of record, within the time prescribed by law, hereby removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division.[1]

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. The Court also

---

[1] Colonial reserves all substantive and procedural claims, crossclaims and defenses, including but not limited to, defenses regarding personal jurisdiction and/or failure to state a claim upon which relief may be granted.

has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as certain claims asserted by Plaintiffs raise a federal question under regulations promulgated by the Pipeline and Hazardous Materials Safety Administration codified at 49 C.F.R. § 195. Accordingly, this Court has federal question jurisdiction of those claims asserted by Plaintiffs under 49 C.F.R. § 195 and has supplemental jurisdiction on the remaining claims pursuant to 28 U.S.C. § 1367. Removal is therefore proper based upon both diversity and federal question jurisdiction.

Pursuant to 28 U.S.C. § 1446(d), Colonial is filing a copy of this Notice of Removal with the Clerk of the State Court of Fulton County, Georgia and providing Plaintiffs with written notice thereof. *See* Notice of Filing of Notice of Removal, attached as **Exhibit A**.

I. BACKGROUND

On September 20, 2018, Plaintiffs Hugh Gerald DeLaughder, Jr. and Patsy Ann Whatley, Individually and as Administratrix of the Estate of Bill Monroe Whatley, deceased (collectively, "Plaintiffs") filed their Complaint against Defendants Colonial and Superior Land Designs, LLC ("Superior"), collectively "Defendants"[2] in the State Court of Fulton County, captioned: *Hugh Gerald*

---

[2] Superior consents to the removal of this action. *See Holder v. City of Atlanta*, 925 F. Supp. 783, 784 (N.D. Ga. 1996) ("All named defendants must consent to or join the petition for removal"). The Notice of Joinder in and Consent to Removal of Superior Land Designs, LLC is attached hereto as Exhibit C and is being filed contemporaneously herewith.

*DeLaughder, Jr. and Patsy Ann Whatley, Individually and as Administratrix of the Estate of Bill Monroe Whatley, deceased, v. Colonial Pipeline Company and Superior Land Designs, LLC,* Civil Action No.: 18EV004560 (the "State Court Action"). Plaintiffs assert claims for negligence, wantonness, negligence per se, respondeat superior, wrongful death, and loss of consortium. Plaintiffs seek compensatory, punitive, and special damages; attorney's fees and expenses; all "costs of this action"; and "any and all such other and further relief as the Court may deem just and appropriate." (Compl. at 30-31). Pursuant to 28 U.S.C. § 1446(a), this notice of removal is to include a "copy of all process, pleadings, and orders **served upon** such defendant or defendants" in the State Court Action. *See* 28 U.S.C. § 1446(a) (emphasis added). As of the date of this filing, Colonial has not yet been served in the State Court Action; thus, no such copies are available.

## II. REMOVAL IS PROCEDURALLY PROPER.

Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Georgia embraces the place where the State Court Action has been pending. Further, removal is timely pursuant to 28 U.S.C. § 1446(b) because Colonial filed this Notice of Removal

prior to being served and thus within 30 days after receipt by Colonial of a copy of the initial pleading.[3]

### III. REMOVAL IS PROPERLY BASED ON DIVERSITY JURISDICTION.

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Colonial may remove this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00. Further, Colonial may remove this action even though it is a citizen of the forum state because, pursuant to the plain language of 28 U.S.C. § 1441(b)(2), a forum defendant may remove prior to being served.

### A.   Complete Diversity of Citizenship Exists Between the Parties.

Complete diversity of citizenship exists between the parties as required by 28 U.S.C. § 1332(a). First, upon information and belief, and based on the allegations in the Complaint, Plaintiff Hugh Gerald DeLaughder is a resident of Alabama, and Plaintiff Patsy Ann Whatley is a resident of Mississippi (Compl. ¶¶ 1, 2). For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "An assertion of permanent residency sufficiently alleges domicile." *Dyer v. Wal-Mart*

---

[3] A copy of the Complaint as obtained from the State Court of Fulton County is attached as Exhibit B for reference.

*Stores, Inc.*, 535 F. App'x 839, 841 (11th Cir. 2013); *see also District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary"); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("[T]he place of residence is prima facie the domicile …").

Second, for purposes of diversity jurisdiction, Colonial is a citizen of Georgia and Delaware. The citizenship of a corporation is "every State … by which it has been incorporated and of the State… where it has its principal place of business." *See* 28 U.S.C. § 1332(c). Colonial is now, was at the time the State Court action was filed, and has been at all times in between, a corporation organized under the laws of Delaware with its principal place of business located in Georgia. (Compl. ¶ 3). Therefore, Colonial is a citizen of Georgia and Delaware.

Third, Superior is a citizen of Georgia. A limited liability company is a citizen of all states of which its members are citizens. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Superior is now, was at the time the State Court action was filed, and has been at all times in between, a limited liability company organized under the laws of Georgia with its principal place of business located in Georgia. (Compl. ¶ 4). The sole member of Superior is Patrick Dover, who is now, was at the time the State

Court action was filed, and has been at all times in between, a resident of Georgia. Therefore, Superior is a citizen of Georgia.

Because Plaintiffs are citizens of Alabama and Mississippi, and because Defendants are citizens of Georgia and Delaware, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332.

### B.     The Amount in Controversy Exceeds $75,000.00.

The amount in controversy meets the jurisdictional requirements. Although Plaintiffs' Complaint does not specify an amount of damages, based on the allegations in the Complaint, the amount Plaintiffs seek in this action exceeds $75,000.00.

The Supreme Court has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  When, as here, the amount of damages is unspecified in the Complaint, the removing defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The Court is permitted to use its "common sense in light of its judicial experience" to determine whether the complaint facially meets the amount in controversy requirement. *Cheatwood v.*

6

*QuickTrip Corp.*, No. 1:14-CV-740-WSD, 2014 WL 5529153, at *2 (N.D. Ga. Oct. 29, 2014).

With this principle in mind, courts within the Eleventh Circuit have found that when the plaintiff asserts a wrongful death claim, the jurisdictional requirement is "facially apparent" from the complaint. *See, e.g., Roe v. Michelin N. Am., Inc.*, 637 F. Supp.2d 995, 998 (M.D. Ala. 2009), aff'd 613 F.3d 1058 (11th Cir. 2010) (finding it "facially apparent" from complaint that amount in controversy met jurisdictional requirement in wrongful death action for punitive damages though complaint did not specify amounts of damages sought; where complaint alleges wanton conduct causing loss of life, it is "nearly impossible to conclude" otherwise).

Courts have further held that where the plaintiff alleges permanent and severe injuries, there is sufficient evidence to conclude the jurisdictional amount in controversy has been met. *See, e.g.*, *Purdiman v. Organon Pharm. USA, Inc.*, No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (complaint alleging plaintiff sustained "permanent and debilitating injuries" sufficient for the court to conclude that the amount of damages exceeds $75,000.00); *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989) (complaint alleging severe and permanent injuries, pain and suffering and lifelong medical expenses

"provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court").

Plaintiffs here allege that DeLaughder was "seriously injured and burned" and that Decedent Whatley was killed "as a result of the injuries he sustained" from a gasoline pipeline explosion that "burned for several days," "received national media attention," released nearly two hundred thousand gallons of gasoline, resulting in two deaths and multiple injuries. (Compl. ¶¶ 36-40). Plaintiffs seek compensatory, punitive, and special damages from Defendants. (Compl. at 20). Given Plaintiffs' allegations and requests for damages, the Complaint demonstrates Plaintiffs seek more than $75,000.00 in this action, and thus meet the jurisdictional requirement.

## IV. REMOVAL IS PROPERLY BASED ON FEDERAL QUESTION JURISDICTION.

Actions filed in state court may be removed to federal court based upon federal question jurisdiction where the plaintiff's suit "'arises under' the Constitution, treaties or laws of the United States.'" *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citing 28 U.S.C. § 1331). A case "arises under" federal law if federal law "creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1993)). Federal question jurisdiction exists where "a federal question is

presented on the face of the plaintiff's well-pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a complaint raises only state law claims, a federal court may nevertheless have federal question jurisdiction if an essential element of the state law claim "requires a court to determine the effect of construction of a federal law." *Bota v. Clark Atlanta Univ., Inc.*, No. 1:06 CV 1743 RLV, 2006 WL 2711836, at *2 (N.D. Ga. Sept. 19, 2006) (citing *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285 (11th Cir. 2004)). As stated by this Court in *Bota*:

> Reading the plain language of the complaint, as this court must, the court finds it clear that the plaintiff's action "arises" under federal law because it claims that the defendant has wrongfully acted "in contravention of 28 C.F.R. §§ 67.300-67,1010." […] Consequently, adjudication of the plaintiff's claim requires a court to look at [that federal regulation] and determine whether the defendant's actions are indeed in violation of that regulation. Therefore, the construction or effect of a federal law is an "essential element" of the claim and this court may property exercise federal question jurisdiction.

*Id.*

In certain claims asserted in this action, Plaintiffs allege Defendants violated multiple "federal regulations governing the transportation of hazardous liquids by pipeline" promulgated by the Pipeline and Hazardous Materials Safety Administration, expressly referencing regulations codified at 49 C.F.R. § 195. *See* Compl. (Ex. B) at ¶¶ 56, 71. The construction or effect of these federal regulations is an "essential element" of certain of Plaintiffs' claims, since this Court must

9

determine whether Defendants' actions violated those regulations. *See Bota*, 2006 WL 2711836 at *2. Accordingly, this Court has federal question jurisdiction as to the claims arising under 29 C.F.R. § 195 and supplemental jurisdiction of the remaining claims. *See* 28 U.S.C § 1367(a) ("… in any civil action of which the district courts have original jurisdiction, the district shall have supplemental jurisdiction over all other claims that are so related to claims in the action […] that they form part of the same case or controversy under Article III …."). Removal on this basis is proper.

## V.  BASED ON THE PLAIN LANGUAGE OF § 1441(b)(2), REMOVAL IS PROPER.

Pursuant to 28 U.S.C. § 1441(b)(2), commonly referred to as the "forum defendant rule," a defendant may remove an action based upon diversity jurisdiction unless "any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added). Therefore, at the time of removal, as long as no forum defendant has been "properly joined and served," a defendant may remove. *See Taylor v. Cottrell, Inc.*, No. 4:09CV536 HEA, 2009 WL 1657427 at *2 (E.D. Mo. June 10, 2009) (holding removal by forum defendant proper where defendant was not served at time of removal and "[t]hus, the limitation on removal in section 1441(b) does not apply"). *See also Brake v. Reser's Fine Foods, Inc.* 2009 WL 213013, 1–3 (E.D.Mo.2009) ("As held by the 'majority' of federal courts, this Court must apply the statute as

written. Defendant properly removed this action and section 1441(b) does not provide a basis for remand."); *Johnson v. Precision Airmotive, LLC,* No. 4:07CV1695 CDP, 2007 WL 4289656, (E.D. Mo. Dec. 4, 2007) ("The text of § 1441(b), however, is clear. A case with diverse parties is removable if none of the parties 'properly joined and served as defendants' [are forum defendants]. The [forum] defendants in this case were not served at the time the case was removed. Thus, the limitation of removal in § 1441(b) does not apply.") (citing cases).

Courts across the country have so held. *See, as cited in Taylor, Vitatoe v. Mylan Pharms., Inc.,* 2008 WL 3540462, (N.D. W.Va. Aug.13, 2008) (denying motion to remand because plaintiff's "construction of § 1441(b) would require this Court to ignore the 'and served' language of the statute"); *Waldon v. Novartis Pharms. Corp.,* No. C07-01988 MJJ, 2007 WL 1747128 (N.D. Cal. June 14, 2007) (finding "no compelling reason to depart from the plain text of section 1441(b)"); *Massey v. Cassens & Sons, Inc.*, No. 05-CV-598-DRH, 2006 WL 381943 (S.D. Ill. Feb. 16, 2006) (noting that federal courts have decided "virtually uniformly" that the forum defendant rule applies only if a resident defendant is joined and served at the time of removal); *Yocham v. Novartis Pharmaceuticals Corp.*, No. 07-1810-JBS, 2007 WL 2318493 at *1-2 (D. N.J. Aug. 13, 2007) (holding case properly removed where forum defendant not yet served).

The Eleventh Circuit has not answered the question for this circuit. Admittedly, this Court has before interpreted § 1441(b)(2) differently than the cases cited above. *See Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361 (N.D. Ga. 2011). The *Hawkins* Court concluded that the forum defendant rule, when read as a part of the statutory scheme and "augmented by the application of the canons of construction," "necessarily restricts removal to cases where at least one defendant has been served." *Id.* at 1369. Thus, according to *Hawkins*, removal is improper prior to service, and after service, Section 1441(b)(2) prohibits a forum defendant from removing. *Id.* However, this Court recognized that a "number of courts" have found the statute unambiguous and have held – under the plain language – that a forum defendant may remove before it is "properly joined *and served*." *Id.* at 1372. Thus, this Court "assume[d], […] that the statute's plain meaning allows removal by an unserved forum defendant." *Id.* The Court nevertheless found, however, that allowing an unserved forum defendant to remove was inconsistent with the "broader context of federal jurisdiction." *Id. See also Higgins v. City of Savannah, Ga.*, No. CV 414-257, 2018 WL 777164 (S.D. Ga. Feb. 8, 2018) (relying on *Hawkins*).

However, Georgia district courts have also found support for the premise that, under the plain language of § 1441(b)(2), a forum defendant can remove until

he has been served. *See Francis v. Great West Cas. Co.*, No. 5:17-CV-432 (MTT), 2019 WL 999679 (M.D. Ga. Feb. 21, 2018).

In *Francis*, an Ohio plaintiff sued three defendants – a Nebraska citizen, a Tennessee citizen, and a Georgia citizen – in Georgia state court. *Id.* at *1. The non-resident defendants removed the case to federal court before the resident defendant was served. *Id.* The plaintiff filed a motion to remand, arguing removal was improper under § 1441, as she sued a Georgia defendant in Georgia state court. *Id.* The court found that "the plain language of the statute does not support [plaintiff's] argument. At the time of removal, [plaintiff] has not perfected service on [the forum defendant]. Thus, there was no 'properly joined *and* served' resident defendant, at that time, to render the case non-removable." *Id.* at *2 (citing § 1441(b)(2)) (emphasis in original). The plaintiff argued, in spite of the plain language, that allowing removal would "contravene[e] the purpose" of the forum defendant rule. *Id.* The court disagreed, even citing *Hawkins*:

> Although the Eleventh Circuit has not addressed this issue, other courts have found, where there is complete diversity, that **removal by a nonresident defendant prior to service of a forum defendant is not contrary to congressional intent**. *See, e.g.*, Gibson v. Wal-Mart Stores East, LP, 2010 WL 419393, at *2-4 (M.D. Ga. 2010) (quoting *Wensil v. E.I. Dupont de Nemours and Co.*, 792 F.Supp. 447, 448-49 (D. S.C. 1992) ("The statute is clear. The presence of unserved resident defendants does not defeat removal where complete diversity exists.")); *Masterson v. Apotex, Corp.*, 2008 WL 2047979, at *2 (S.D. Fla. 2008) ("[T]his Court agrees with the decisions concluding that § 1441(b) as amended limits looking only at

13

> 'properly joined and served' defendants at the time of removal where diversity jurisdiction is not an issue."); *see also Hawkins v. Cottrell*, 785 F. Supp. 2d 1361, 1373 (N.D. Ga. 2011) ("Allowing removal by an out-of-state defendant when a forum defendant is unserved does not defeat the forum defendant rule and thus does not necessarily lead to an absurd result."); *Holmstrom v. Harad*, 2005 WL 1950672, at *2 (N.D. Ill. 2005) ("The 'joined and served' requirement makes sense, then, when one defendant has been served but the named forum defendant has not. After all, a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant."). **Moreover, [plaintiff's] argument overlooks the plain language of § 1441(b)(2), which, again, states that removal is improper only when a resident defendant has been *joined and served* at the time of removal.**

*Id.* (bold emphasis added; italicized emphasis in original).

Like the plaintiff in *Francis*, the Plaintiffs failed to serve Colonial prior to Colonial's filing of this notice of removal. Applying the rationale of the Middle District of Georgia in *Francis* and applying the interpretation of § 1441(b)(2) applied by courts across the country, removal is proper here.

## VI.   CONCLUSION

For the foregoing reasons, Colonial has met the requirements for removal. By filing this Notice of Removal, Colonial does not waive the right to assert any defenses and/or objections to which it is entitled.

Respectfully submitted this 20th day of September, 2018.

/s/ E. Righton J. Lewis
E. Righton J. Lewis
Georgia Bar No. 215211
Pamela R. Lawrence
Georgia Bar No. 569713
**BUTLER SNOW LLP**
1170 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
(678) 515-5064 Telephone
(678) 515-5001 Facsimile

*Attorneys for Defendant Colonial Pipeline Company*


**Consented to by Superior Land Designs, LLC:**


/s/ Cheryl H. Shaw
Georgia Bar No. 319747
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-1422 Telephone
(770) 937-9960 Facsimile

*Attorney for Defendant Superior Land Designs, LLC*

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D).

This 20th day of September, 2018.

                                              /s/ E. Righton J. Lewis
                                              E. Righton J. Lewis
                                              Georgia Bar No. 215211

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been filed with the Clerk of Court and served upon the following by U.S. Mail, properly addressed and postage prepaid, on this 20th day of September, 2018.

Travis E. Lynch
Georgia Bar No. 162373
HENINGER GARRISON DAVIS, LLC
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339

Glenda G. Cochran
Matthew Robert Moneyham
Glenda Cochran Associates
310 Richard Arrington, Jr. Blvd. North, Suite 500
Birmingham, AL 35203

Cheryl H. Shaw
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-1422 Telephone
(770) 937-9960 Facsimile

/s/ E. Righton J. Lewis
E. Righton J. Lewis
Georgia Bar No. 215211